F. M. Banks, Appellant, v. Margaret Rotzler et al., Appellees.

No. 45690.

October 21, 1941.

C. A. Robbins, for appellant.

Shirley A. Webster and Phil R. Wilkinson, for appellees.

Stiger, J.—Plaintiff and defendant Margaret Rotzler are adjoining landowners. W. H. Edwards purchased the land now owned by defendant in 1894. James Kitchell and his wife purchased the land from Edwards in 1925. Kitchell is a son-in-law of Edwards. In 1939 Kitchell and his wife, Linnie Kitchell, sold the premises to defendant Margaret Rotzler. Plaintiff bought his land in 1910.

Plaintiff bases his right to a right of way across defendant's land on an oral agreement with W. H. Edwards—a remote grantor of defendant—in 1918. Defendant denied the allegation that W. H. Edwards orally granted a right of way across his land to plaintiff and also alleged she purchased the land without notice of the easement claimed by plaintiff.

The trial court held for defendant as to both defenses.

I. Because of section 11257, 1939 Code, relating to transactions with person since deceased plaintiff was clearly incompetent to testify to any transaction with Edwards, who was deceased at the time of the trial, concerning the easement and the court was right in disregarding his testimony. Mrs. Linnie Kitchell, daughter of W. H. Edwards and a witness for plaintiff, testified that her father said that he permitted plaintiff to go across his land just as a good neighbor, ''well, just like one good neighbor to another, Mr. Banks went back and forth.''

''Q. You did not understand that he had the right to go through there and had a right in that land to go through there?

''A. No.

''Q. He didn't have that?

''A. No.

''Q. Just going through there because your father let him go through as a good neighbor?

''A. Yes, sir.''

James Kitchell, a witness for plaintiff, referring to the time he and his wife purchased the premises now owned by defendant Margaret Rotzler from Mr. Edwards, stated:

''Well, I took a contract on that place, my wife and I did, along about in the Fall of '22—no '25, in the Fall of '25, and I says to Mr. Edwards, I says, 'Has Mr. Banks—', I called him Marion, 'Has he got any right, any papers, or anything, for him to go through there?' He says, 'No', he said 'We just agreed that that was easier to settle it up just for him to have gates up back and forth than to go at it and go to Court and him pay me for the land and then we have to go across the lane.' Now, that was the statement as I remember it. That was before we signed the contract.

''Q. He had just been going across there because Mr. Edwards had been letting him?

''A. Yes, sir. Because they had it figured out that it was better to go across there without a lane, because he would have to take his stuff across another road to get them to the pasture, so he just let Marion go by. That's just the way the old man told us.''

In the warranty deed from James Kitchell and wife to defendant they did not reserve or refer to an easement in the land in favor of plaintiff. There were gates on defendant's land at the east and west end of the claimed right of way. Kitchell testified that during the 15 or 20 years he was in possession of the premises he, not the plaintiff, maintained the gates.

Lee Banks, a son of the plaintiff, testified to a conversation had with W. H. Edwards in 1925 which conversation occurred approximately 7 years after the alleged grant of an easement by Edwards to plaintiff. The witness testified:

"I got the sand southwest a few miles down on the river and came up the regular road to the Edwards place. Mr. Edwards was there and opened the gate and asked what we were going to do with the sand. I told him we were going to build a house. He said, 'How are you going to come out through here'? And I said, 'Well, we will have some boys who will want to go to school,' and I said, 'They will have to come out through here'. So, I went and unloaded the sand and came back and he told me to tell my Dad to just fence a lane open through there. He said it wouldn't show on his abstract, or deed, or anything, and just to fence it open, which he never done."

No useful purpose would be served by further reference to the evidence. We have carefully examined the record and agree with the finding of the trial court that plaintiff failed to establish an oral agreement for an easement. We hold that plaintiff had nothing more than a permissive use.

II. Defendant was also entitled to a dismissal of the petition on the ground that, assuming the easement, she purchased the land without notice of plaintiff's right of way. The record discloses that when defendant inspected the alleged servient estate just prior to buying it no easement was apparent. There was no visible roadway between the gates on defendant's land. We conclude from all of the evidence that defendant did not have notice of an easement across the land at the time she purchased it.

Plaintiff cites Prymek v. Washington County, 229 Iowa 1249, 296 N. W. 467. An entirely different fact situation distinguishes the cited case from the instant case.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.